Filed 10/30/20  P. v. Mermer CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SEAN MERMER,<br><br>    Defendant and Appellant. | B300956<br><br>(Los Angeles County<br>Super. Ct. No. SA072721) |

APPEAL from an order of the Superior Court of Los Angeles County, Leslie E. Brown, Judge.  Dismissed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Sean Mermer appeals from an order denying his motion to recall his sentence and resentence him pursuant to Penal Code section 1170.95. For the reasons explained below, we dismiss the appeal.

**BACKGROUND**

In 2011, a jury convicted Mermer of first degree murder and attempted premeditated murder, and the trial court sentenced him to 50 years to life. We affirmed the conviction and sentence in an unpublished opinion. (*People v. Martin* (July 30, 2014, B239366) 2014 Cal.App. Unpub. Lexis 5345.)

On April 23, 2019, Mermer filed a petition for recall of sentence and resentencing under Penal Code section 1170.95.[1] The Los Angeles County District Attorney opposed the petition, attaching as exhibits our direct appeal opinion and a copy of the reporter's transcripts of the jury instructions.

The trial court summarily denied Mermer's petition on the grounds that he had been found guilty of murder as an aider and abettor with specific intent, and the jury had not been instructed on either the felony murder rule or the natural and probable consequences theory.

Mermer appealed.

Mermer's appellate counsel filed a brief raising no issues on appeal and requesting that we independently review the record pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) to determine if the lower court committed any error. Counsel sent a copy of the brief and the record to Mermer and informed him that he may file a supplemental brief. On August 6, 2020, we sent a letter to Mermer informing him that he "may submit by brief or

_____

[1] Undesignated statutory references will be to the Penal Code.

letter any grounds of appeal contentions, or argument which appellant wishes this court to consider."

On August 20, 2020, Mermer filed a supplemental brief, contending his trial had been unfair because the judge browbeat his defense DNA expert, and several prosecution theories were illogical or unsupported by evidence. He further contends that by denying relief to all aiders and abettors found to have acted with specific intent, even minor participants or those with low culpability, such as himself, section 1170.95 "is a biased law." Mermer offers no argument that he met the criteria for a recall of his sentence.

"Where a defendant has been afforded all the constitutional protections of a first appeal of right," he is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. But when *Wende* does not apply, an appellant in a criminal case has the right to file a supplemental brief—which Mermer has done here—and to our review of his or her contentions. (See *Serrano*, *supra*, 211 Cal.App.4th at p. 503.)

Section 1170.95 establishes a procedure by which an individual "convicted of . . . murder under a natural and probable consequences theory" can seek vacation of that conviction and resentencing. (Stats. 2018, ch. 1015, § 4, pp. 6675-6677; see also *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, review granted Mar. 18, 2020, S260598.) A petition for relief under section 1170.95 must include a "declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a)." (§ 1170.95, subd. (b)(1).) One requirement for relief is that the petitioner could not now be convicted of murder under section 188, which describes express and implied malice, forbids imputing malice based solely on a person aiding and abetting a crime, and states that when a killing results from an intentional act with express or implied malice, no other mental

3

state need be shown to establish the mental state of malice aforethought.  (§§ 1170.95, subd. (a), 188.)

We review de novo whether the trial court properly interpreted and fulfilled its duty under the statute.  (See *Greene v. Marin County Flood Control & Water Conservation Dist.* (2010) 49 Cal.4th 277, 287.)

Here, we are satisfied that Mermer's counsel has fully complied with her responsibilities.  (See *Serrano*, *supra*, 211 Cal.App.4th at p. 503.)  Based on our review of the record, the applicable law, and Mermer's supplemental brief, we conclude there is no arguable issue and, for the reasons given above, dismiss the appeal.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

SINANIAN, J.[*]

---

[*]Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.